COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name: __MORRIS__     __TAIRAY__     __TAQWAIN__
         (Last)          (First)        (Middle Initial)

Prisoner Number: __J62077__

Institutional Address: __PELICAN BAY STATE PRISON, P.O. BOX 7500__
__CRESCENT CITY, CALIFORNIA 95532__

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

__TAIRAY TAQWAIN MORRIS__
(Enter your full name.)

vs.

__STATE OF CALIFORNIA__
__CALIFORNIA DEPARTMENT OF CORRECTIONS__
__CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES__
__RALPH DIAZ__
__JIM ROBERTSON__
(Enter the full name(s) of the defendant(s) in this action.)
__NANCY ADAMS, SUE EISENHAUER, SUSAN WOODWARD__

Case No. __CV 19 2620__
(Provided by the clerk upon filing)

COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

**I. Exhaustion of Administrative Remedies.**

*Note:* You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.

A. Place of present confinement __PELICAN BAY STATE PRISON__

B. Is there a grievance procedure in this institution?    YES ☑    NO ☐

C. If so, did you present the facts in your complaint for review through the grievance procedure?    YES ☑    NO ☐

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

   1. Informal appeal: __See Next Page__

PRISONER COMPLAINT (rev. 8/2015)
Page 1 of 3

2. First formal level: _____

3. Second formal level: _____

4. Third formal level: PBSP HC 19000031
   PBSP HC 17030155

E. Is the last level to which you appealed the highest level of appeal available to you?

YES ☒   NO ☐

F. If you did not present your claim for review through the grievance procedure, explain why.

## II. Parties.

A. Write your name and present address. Do the same for additional plaintiffs, if any.

TRIRAY TAQWAIN MORRIS

B. For each defendant, provide full name, official position and place of employment.

- 1st. STATE OF CALIFORNIA
- 2nd. RALPH DIAZ, SECRETARY OF CALIFORNIA DEPARTMENT OF CORRECTIONS
- 3rd. CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
- 4th. JIM ROBERTSON, WARDEN OF PELICAN BAY STATE PRISON
- 5th. CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES
- 6th. NANCY ADAMS, PHYSICIAN IN PELICAN BAY STATE PRISON
- 7th. SUE RISENHOOVER, PHYSICIAN IN PELICAN BAY STATE PRISON
- 8th. SUSAN WADDELL, NURSE IN PELICAN BAY STATE PRISON

PRISONER COMPLAINT (rev. 8/2015)
Page 2 of 3

(ALL OF THE ABOVE DEFENDANTS ARE BEING SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY)

# CLAIM No.# 1

THE DEFENDANTS THREE-YEAR DELAY IN PROVIDING THE PLAINTIFF WITH ACCESS TO A PODIATRIST, ORTHOPEDIST OR A M.R.I. OF HIS KNEE, FOOT AND TOES LEAD TO EXTENSIVE DEGENERATION OF HIS KNEE, FOOT AND TOES

AS A RESULT OF THE DEFENDANTS DELIBERATE INDIFFERENCE TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS THE PLAINTIFF HAS EXPERIENCED SEVERE PAIN AND SUFFERING FOR OVER THREE YEARS

AS A RESULT OF THE DEFENDANTS DELIBERATE INDIFFERENCE THE PLAINTIFF HAS SUFFERED SERIOUS PHYSICAL INJURIES AND EVEN SEVERAL AMPUTATION RECOMMENDATIONS

HERE ARE THE COMPLETE FACTS OF THE CASE

- 1.# ON JUNE 15TH, 2015, THE PLAINTIFF WAS SEEN BY THE DEFENDANT SUSAN WADDELL FOR A FOLLOW-UP VISIT CONCERNING A FOOT INFECTION IN THE WEBB SPACES BETWEEN HIS 4TH AND 5TH TOES IN HIS LEFT FOOT
- 2.# THE PLAINTIFF'S 4TH AND 5TH TOES CONTAINED WET MACERATED FIZZURE
- 3.# THE PLAINTIFF NOTIFIED DEFENDANT WADDELL THAT HE HAD THE INFECTION SINCE JANUARY OF 2015
- 4.# THE DEFENDANT SUSAN WADDELL TOLD THE PLAINTIFF TO KEEP HIS TOES DRY AVOID CREAMS, SOAP OR WATER AT THAT TIME
- 5.# THE DEFENDANT SUSAN WADDELL GAVE THE PLAINTIFF INSTRUCTIONS TO KEEP HIS TOES DRY, TO KEEP HIS LEFT FOOT ELEVATED AND TO USE COOL COMPRESSES TO TOP OF HIS FOOT FOR DISCOMFORT
- 6.# THE PLAINTIFF NOTIFIED DEFENDANT WADDELL HE WAS EXPERIENCING SEVERE PAIN IN HIS TOES AND NEEDED TO TALK TO A PHYSICIAN ABOUT HIS FOOT INFECTION
- 7.# DEFENDANT SUSAN WADDELL WAS A REGISTERED NURSE

- 8#. The defendant Waddell gave the plaintiff some Tylenol but failed to notify or consulted with a physician regarding the plaintiff' foot infection

- 9#. From June 16", 2015 to June 24", 2015, the plaintiff continued to complain about the foot infection in his toes, and he was refered to a physician by another nurse

- 10#. On June 25", 2015, defendant physician Sue Risenhoover ordered a x-ray of the plaintiff' left foot in the Webb Spaces between the 4" and 5" toe

- 11#. The x-ray results found soft tissue swelling of the fourth (4) and fifth (5) toes

- 12#. Defendant Risenhoover diagnosed the plaintiff with a orthopedic disorder on June 25", 2015

- 13#. The plaintiff notified the defendant Risenhoover that he experienced pain everytime he put on his socks and shoes

- 14#. On October 16", 2015, the plaintiff had a follow-up visit with the defendant Risenhoover

- 15#. The plaintiff notified defendant Risenhoover that he was experiencing swelling in his right leg

- 16#. On October 23", 2016, the plaintiff submitted a sick call request form complaining about the swelling in his knee

- 17#. The plaintiff did not receive any treatment for the swelling in his knees

- 18#. On December 29", 2016, the plaintiff submitted a sick call request form complaining about a green fungus that was appearing in between his toe

- 19#. ON FEBRUARY 1ST, 2017, THE DEFENDANT SUSAN WADDELL SENT A EMAIL TO DEFENDANT NANCY ADAMS STATING THAT THE PLAINTIFF HAD NO RECENT MEDICAL COMPLAINTS, WHICH WAS A <u>LIE</u>!

- 20#. ON FEBRUARY 7TH, 2017, THE PLAINTIFF SUBMITTED A SICK CALL REQUEST FORM, REQUESTING A X-RAY OF HIS RIGHT KNEE WHICH WAS GIVING HIM PAIN

- 21#. ON FEBRUARY 8TH, 2017, NURSE CHRISTIAN CABALLERO SENT A EMAIL TO DEFENDANT NANCY ADAMS STATING THAT THE PLAINTIFF HAD SUBMITTED MULTIPLE SICK CALL REQUEST FORMS COMPLAINING ABOUT PAIN IN HIS RIGHT KNEE

- 22#. FROM OCTOBER 23rd, 2016 TO FEBRUARY 13th, 2017 (A SPAN OF 4 MONTHS) THE PLAINTIFF WAS NOT SEEN BY A NURSE AND HE DID NOT RECEIVE ANY TREATMENT FOR HIS KNEE PAINS OR TOE FUNGUS

- 23#. ON FEBRUARY 14th, 2017, THE PLAINTIFF MET WITH THE DEFENDANT NANCY ADAMS AND COMPLAINED ABOUT THE SWELLING IN HIS RIGHT KNEE

- 24#. DEFENDANT NANCY ADAMS RECOMMENDED THAT THE PLAINTIFF KEEP HIS RIGHT KNEE ELEVATED AND TO SUBMIT ANOTHER SICK CALL REQUEST FORM IN 2 MONTHS

- 25#. ON MARCH 14th, 2017 THE PLAINTIFF SUBMITTED A SICK CALL REQUEST FORM COMPLAINING ABOUT THE PAIN AND SWELLING IN HIS KNEE

- 26#. ON MARCH 16th, 2017, THE PLAINTIFF' RIGHT KNEE SWELLING AND PAIN WAS EVALUATED BY NURSE KIMBERLY CARTER

- 27#. ON MARCH 16th, 2017, NURSE KIMBERLY CARTER SENT A EMAIL TO DEFENDANT NANCY ADAMS NOTIFYING HER OF THE PLAINTIFF' RIGHT KNEE SWELLING AND PAIN

- 28#. DEFENDANT NANCY ADAMS STATING THAT SHE WOULD NOT CONSIDER OR EVALUATE THE PLAINTIFF' RIGHT KNEE SWELLING OR PAIN UNTIL APRIL OF 2017

- 29#. On April 16, 2017, the Plaintiff submitted a sick call request form complaining about the swelling in his knee and requested a M.R.I. of his knee

- 30#. From February 14, 2017 to April 30, 2017 (a span of 2½ months) the Plaintiff's right knee swelling was not evaluated or treated by Defendant Nancy Adams

- 31#. On May 1, 2017, the Plaintiff met with Defendant Nancy Adams complaining about the ongoing pain in his right knee which was getting worse to the point where he could barely walk

- 32#. The Plaintiff also showed the Defendant Nancy Adams the macerated skin between the 4th and 5th toes on each foot

- 33#. Defendant Nancy Adams ordered for the Plaintiff to receive a X-ray of his right knee and she diagnosed him with a right knee joint swelling and Tinea Pedis in the feet/toe area

- 34#. On May 4, 2017, the Plaintiff received a X-ray of his right knee

- 35#. The X-rays found that the Plaintiff had a small effusion, moderate patellofemoral and medial compartment osteoarthritis

- 36#. On May 8, 2017, the Defendant Nancy Adams officially diagnosed the Plaintiff with a right knee osteoarthritis

- 37#. On November 25, 2018, the Plaintiff submitted a sick call request slip complaining about the pain in his knee and he requested a M.R.I. of his knee due to non-stop pain in his knee since 2015

- 38#. The Plaintiff also complained about the pain in his toes and requested a X-ray

- 39. From May 8, 2017 to November 26, 2018, the Plaintiff was not seen or treated by Defendant Nancy Adams regarding his knee osteoarthritis, a span of eighteen (18) consecutive months.

- 40. On November 27, 2018, the Plaintiff was seen by the Defendant Nancy Adams concerning his chronic knee pain and foot ulcers.

- 41. The Defendant Nancy Adams ordered general surgery for the Plaintiff non-healing foot ulcers between the Plaintiff 4th and 5th toes, which was 5mm deep at one point.

- 42. The Defendant Nancy Adams ordered a 20 day follow-up appointment to address the Plaintiff's knee pains.

- 43. On December 3, 2018, the Plaintiff submitted a sick call request slip complaining about the swelling in his right knee and requested a knee brace.

- 44. On December 10, 2018, an x-ray was done of the Plaintiff's right foot, where a soft tissue swelling was found along the 4th and 5th toes with associated inspiration.

- 45. On December 13, 2018, the Plaintiff was seen by the Defendant Nancy Adams concerning his chronic knee pain.

- 46. The Defendant Nancy Adams ordered x-rays of the Plaintiff's knee, as well as a knee brace and cane.

- 47. The Plaintiff received the walking cane on December 18, 2018.

- 48. The Plaintiff received the Neoprene knee brace (sleeve) on December 2018.

- 49# On December 20, 2018, the plaintiff submitted a sick call request slip complaining about the pain in his right knee

- 50# On December 24, 2018, the doctor Mansoor Emam issued a outpatient progress note regarding the plaintiff right knee and the need for a x-ray and possibly M.R.I.

- 51# On December 27, 2018, the plaintiff received a x-ray of his right knee

- 52# The results of the x-ray showed arthritis with joint effusion

- 53# The defendants Nancy Adams ordered for the plaintiff to receive a radiology MRI of his foot ulcer, right knee and knee osteoarthritis

- 54# On December 31, 2018, the plaintiff received a surgical consultation with doctor Mark F. Deatherage at the Grants Pass Hospital

- 55# Doctor Mark F. Deatherage recommended that the plaintiff see a podiatrist as <u>amputation</u> may be required

- 56# Doctor Mark F. Deatherage recommended that the plaintiff 4" and 5" toes on his right foot be <u>amputated</u>

- 57# On January 11, 2019, the plaintiff met with the defendant Nancy Adams

- 58# The defendant Nancy Adams notified the plaintiff that there were no readily available at Pelican Bay State Pri!

- 59# The defendant Nancy Adams ordered the plaintiff some acetaminophen and fluconazole

- 60# On February 7, 2019, the plaintiff received a M.R.I. of his right foot, with and without contrast

- 61# The M.R.I. findings showed a soft tissue edema and enhancement with cellulitis present adjacent to the 4th and 5th metatarsophalangeal joints, and a moderate to severe degenerative changes at the talonavicular joints

- 62#. ON FEBRUARY 7, 2019, THE PLAINTIFF ALSO RECEIVED A M.R.I. OF HIS RIGHT KNEE, WITH AND WITHOUT CONTRAST

- 63#. THE M.R.I. FINDINGS CONCLUDED THAT THE PLAINTIFF HAD A EXTENSIVE TEAR OF THE POSTERIOR HORN AND BODY OF THE MEDIAL MENISCUS

- 64#. THE M.R.I. FINDINGS ALSO CONCLUDED THAT THE PLAINTIFF HA
  - PARTIAL TEAR VERSUS MUCOID DEGENERATION OF THE ANTERIOR CRUCIATE LIGAMENT
  - SEVERE DEGENERATIVE CHANGES WITHIN THE MEDIAL COMPARTMENT
  - SEVERE CONTEMPLATION AT THE PATELLOFEMORAL JOINT
  - LARGE JOINT EFFUSION WITH MILD THICKENING OF THE SYNOVIUM AND ILL-DEFINED EDEMA, ESPECIALLY POSTERIORLY AT THE KNEE

- 65#. ON FEBRUARY 12", 2019, THE PLAINTIFF WAS SEEN BY A WOUND TEAM CONSISTING OF DOCTORS BENTON STOUT AND MANISH MEHTA WHO ISSUED THE PLAINTIFF SOME CLOTRIMAZOLE TOPICAL CREAM AND NOTIFIED HIM OF HIS M.R.I. RESULTS

- 66#. ON FEBRUARY 19", 2019, THE PLAINTIFF HAD HIS FIRST APPOINTMENT WITH A PODIATRIST NAMED MICHEAL WOLTERBEEK AT THE SAN JOAQUIN GENERAL HOSPITAL

- 67#. THE PODIATRIST RECOMMENDED MEDICATION AND TOE SPACERS AND POSSIBLE HAMMERTOE CORRECTION SURGERY IF THE MACERATION BETWEEN THE TOES DOES NOT GO AWAY

- 68#. ON FEBRUARY 20", 2019, THE PLAINTIFF SAW THE DEFENDANT NANCY ADAMS, WHO SUBMITTED A REQUEST FOR THE PLAINTIFF TO SEE A ORTHOPEDIST

- 69#. ON FEBRUARY 20", 2019, THE PLAINTIFF WAS OFFICIALLY DIAGNOSED WITH A RIGHT KNEE MENISCAL TEAR

- 70#. As of May, 2019, the plaintiff still has not been seen by an orthopedist concerning his right knee meniscal tear

- 71#. The defendants three-year delay in providing the plaintiff with access to a podiatrist, orthopedist or a M.R.I. of his knee, foot and toes lead to the degeneration of his knee, foot and toes

As a result of the defendants deliberate indifference to the plaintiff' serious medical needs, the plaintiff has experienced severe pain and suffering for over three years

As a result of the defendants deliberate indifference the plaintiff has suffered serious physical injuries, extensive degeneration and even an amputation recommendation

# CLAIM No.# 2

THE DEFENDANTS ARE VIOLATING THE PLAINTIFFS RIGHTS UNDER THE AMERICANS WITH DISABILITIES ACT BY DISCRIMINATING AGAINST HIM BY REASON OF HIS PHYSICAL DISABILITIES

HERE ARE THE COMPLETE FACTS IN THIS CLAIMS

- 1.# THE DEFENDANT STATE OF CALIFORNIA ACCEPTS FEDERAL FUNDING FOR ITS PRISON PROGRAMS

- 2.# THE DEFENDANT CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ACCEPTS FEDERAL FUNDING FOR ITS PRISON PROGRAMS AND SERVICES

- 3.# THE DEFENDANT CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES RECEIVES FEDERAL FUNDING FOR ITS PRISON MEDICAL PROGRAMS AND SERVICES

- 4.# IN 2008, CONGRESS ENACTED INTO LAW THE ADA AMENDMENTS ACT OF 2008 ("ADAAA") THE PURPOSE OF WHICH WAS TO BROADEN THE DEFINITION OF AN ADA DISABILITY

- 5.# THE PLAINTIFF HAS BEEN DIAGNOSED WITH A RIGHT KNEE MENISCAL TEAR, KNEE OSTEOARTHRITIS, TINEA PEDIS AND FOOT ULCERS

- 6.# ALL OF THE PLAINTIFF ABOVE-MENTIONED INJURIES ARE REGARDED AS PHYSICAL IMPAIRMENTS WITH THE MEANING OF THE "ADAAA"

- 7.# SINCE BEING DIAGNOSED WITH THE ABOVE INJURIES THE PLAINTIFF HAS REQUESTED TO BE TRANSFERED TO A PRISON WHERE HE CAN HAVE CONSTANT ACCESS TO AN ORTHOPEDIST AND PODIATRIST

- 8#. THE PLAINTIFF HAS ALSO REQUESTED A WHEELCHAIR AND TO BE PLACED IN A BUILDING WITH A WHEELCHAIR RAMP

- 9#. THE DEFENDANT JIM ROBERTSON HAS DENIED THE PLAINTIFF' REQUEST TO BE MOVED TO A BUILDING WITH A WHEELCHAIR RAMP

- 10#. PELICAN BAY STATE PRISON DOES NOT HAVE A PODIATRIST OR ORTHOPEDIST ON-SITE AT ITS PRISON

- 11#. IN ORDER FOR AN INMATE AT PELICAN BAY TO BE SEEN BY AN ORTHOPEDIST OR PODIATRIST, THEY MUST BE DRIVEN OVER 300 MILES TO A CONTRACTED-HOSPITAL

- 12#. THE PLAINTIFF HAS SUBMITTED SEVERAL "602" APPEALS REQUESTING TO BE TRANSFERRED TO A PRISON WHERE HE CAN HAVE CLOSER ACCESS TO AN ORTHOPEDIST AND PODIATRIST

- 13#. THE DEFENDANTS JIM ROBERTSON, RALPH DIAZ CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION AND CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES HAVE ALL REFUSED TO ACCOMMODATE THE PLAINTIFF' TRANSFER REQUEST

- 14#. THE DECISION OF THE ABOVE DEFENDANTS NOT TO TRANSFER THE PLAINTIFF TO A PRISON WHERE HE CAN HAVE CLOSER ACCESS TO AN ORTHOPEDIST AND PODIATRIST, HAVE LEAD TO THE EXTENSIVE DEGENERATION OF THE PLAINTIFF' RIGHT KNEE, FOOT AND TOE

- 15#. AS OF THIS DATE, THE PLAINTIFF HAS NOT BEEN SEEN BY AN ORTHOPEDIST IN THREE (3) YEARS

- 16#. AS OF THIS DATE, THE PLAINTIFF HAS ONLY BEEN SEEN BY A PODIATRIST ONE TIME IN 3 YEARS

# RELIEF

THE PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT ENTER JUDGEMENT GRANTING THE PLAINTIFF COMPENSATORY DAMAGES IN THE AMOUNT OF $3,000,000 AND GRANT THE PLAINTIFF PUNITIVE DAMAGES IN THE AMOUNT OF $2,000,000, GRANT THE PLAINTIFF A JURY TRIAL ON ALL ISSUES AND CLAIMS TRIABLE BY JURY

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

DATED: MAY 2, 2019

TAIRAY MORRIS
CDC#: J62077
PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CALIFORNIA 95531

# **PROOF OF SERVICE BY MAIL**

BY PERSON IN STATE CUSTODY
(Fed. R. Civ. Proc. 5; 28 U.S.C. § 1746)

I, __TARA MORRIS_____, declare: I am over eighteen (18) years of age and am a party to this action. I am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. My State Prison address is: Pelican Bay State Prison, P.O. Box 7500, Housing Unit __B3__ Cell Number __114__, Crescent City, CA, 95532-7500.

On the __8TH__ day of __MAY__, I served the following document(s): __Complaint under the Civil Rights Act, 42 U.S.C. § 1983__

On the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a receptacle so provided at Pelican Bay State Prison, Crescent City, CA, 95532, and addressed as follows:

__United States District Court__
__Northern District of California__
__San Francisco, CA 94102__

I declare under penalty of perjury that the foregoing is true and correct.

_____[signature]_____        Date __5-8-19__
Inmate Signature

(Rev. 07/2018 – DK)

COPIED IN
B LAW LIBRARY

COPIED IN
B LAW LIBRARY

COPIED IN
B LAW LIBRARY

COPIED IN
B LAW LIBRARY