THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TAIRAY TAQWAIN MORRIS,
                    PLAINTIFF

VS.

STATE OF CALIFORNIA, ET AL
                    DEFENDANTS

PLAINTIFF'S NOTICE OF OPPOSITION AND OPPOSITION TO THE DEFENDANTS MOTION TO DISMISS

19 CV 02620 (HSG)(PR)

PLEASE TAKE NOTICE THAT THE PLAINTIFF MOVES IN OPPOSITION TO THE DEFENDANTS MOTION TO DISMISS FILED IN THIS COURT ON FEBRUARY 4TH, 2020.

THIS MOTION IS BASED ON THIS NOTICE OF OPPOSITION, THE SUPPORTING MEMORANDUM OF POINTS AND DECLARATION, AS WELL AS THE PLEADINGS AND RECORDS ON FILE WITH THE COURT

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

THE "ADA" PROHIBITS PUBLIC ENTITIES FROM DISCRIMINATING AGAINST A QUALIFIED INDIVIDUAL WITH A DISABILITY ON THE BASIS OF THAT DISABILITY. THE PLAINTIFF, TAIRAY MORRIS, HAS STATED A VIABLE "A.D.A." CLAIM THAT THE DEFENDANTS, AFTER BEING MADE AWARE OF MORRIS'S DISABILITIES, AND HIS REQUEST TO BE MOVED TO A BUILDING WITH A WHEELCHAIR RAMP AND TO BE TRANSFERED TO A PRISON THAT HAS AN AVAILABLE ORTHOPEDIST AND PODIATRIST ON-SITE, TO TREAT HIS PHYSICAL DISABILITIES, THE DEFENDANTS FAILED TO MAKE REASONABLE ACCOMMODATIONS FOR 3 YEARS TO ENSURE THAT MORRIS RECEIVED ACCESS TO A WHEELCHAIR RAMP ORTHOPEDIST AND PODIATRIST WHICH LEAD TO THE EXTENSIVE DEGENERATION OF HIS KNEE, FOOT, AND TOES, WHICH MAKES HIS CLAIMS A VIABLE TITLE II A.D.A. CLAIM WHICH SHOULD BE ALLOWED TO PROCEED TO TRIAL FOR MONEY DAMAGES.

**FILED**

MAR - 4 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## Statement of the Case

MORRIS, A STATE-PRISON INMATE HOUSED AT PELICAN BAY STATE PRISON FILED SUIT STATING THAT HIS RIGHTS UNDER THE "ADA" WERE VIOLATED. MORRIS CLAIMS THAT THE DEFENDANTS VIOLATED HIS RIGHTS UNDER THE "ADA" BY "DISCRIMINATING AGAINST HIM BY REASON OF HIS PHYSICAL DISABILITIES". MORRIS FURTHER CLAIMS THAT HAS BEEN DIAGNOSED WITH A RIGHT-KNEE MENISCUS TEAR, KNEE OSTEOARTHRITIS AND FOOT ULCERS.

MORRIS CLAIMS THAT AFTER MAKING THE DEFENDANTS AWARE OF HIS PHYSICAL DISABILITIES HE REQUESTED TO BE TRANSFERED TO A PRISON WHERE HE COULD HAVE CONSTANT ACCESS TO AN ON-SITE ORTHOPEDIST AND PODIATRIST, WHICH PELICAN BAY DOES NOT HAVE AVAILABLE AT ITS PRISON.

MORRIS ALSO CLAIMS THAT HE REQUESTED USE OF A WHEELCHAIR AND ACCESS TO A WHEELCHAIR RAMP, ALL OF WHICH THE DEFENDANTS DENIED MORRIS ACCESS TO FOR A 3-YEAR PERIOD AFTER BEING MADE OF HIS PHYSICAL DISABILITIES WHICH MORE THAN ESTABLISHES A VIABLE "A.D.A." CLAIM.

## Standard of Review

IN A MOTION TO DISMISS, ALL MATERIAL ALLEGATIONS IN THE COMPLAINT MUST BE TAKEN AS TRUE AND CONSTRUED IN THE LIGHT MOST FAVORABLE TO THE NON-MOVING PARTY THE COMPLAINT MUST CONTAIN "ENOUGH FACTS TO STATE A CLAIM TO RELIEF THAT IS PLAUSIBLE ON ITS FACE. Bell Atlantic Corp vs. Twombly, 550 U.S. 544, 547 (2007)

MORRIS' "A.D.A." CLAIM CONTAINS FACTS THAT SHOULD BE ALLOWED TO PROCEED IN THIS CASE.

ARGUMENT

I.   MORRIS HAS STATED AN ADA CLAIM AGAINST THE DEFENDANTS

* A.   MORRIS' COMPLAINTS ABOUT HIS MEDICAL CARE DEMONSTRATE
       THAT HE WAS DISCRIMINATED AGAINST BECAUSE OF AN ALLEGED
       DISABILITY UNDER THE "ADA"

TITLE II OF THE ADA PROVIDES THAT "NO QUALIFIED INDIVIDUAL WITH
A DISABILITY SHALL, BY REASON OF SUCH DISABILITY, BE EXCLUDED
FROM PARTICIPATION IN OR BE DENIED THE BENEFITS OF THE SERVICES
PROGRAMS, OR ACTIVITIES OF A PUBLIC ENTITY, OR BE SUBJECT TO
DISCRIMINATION BY SUCH ENTITY" 42 U.S.C §12132.
TITLE II APPLIES TO THE SERVICES, PROGRAMS, AND ACTIVITIES
PROVIDED FOR INMATES BY JAIL AND PRISONS. PA. DEPT OF
CORRECTIONS VS YESKEY, 524 U.S. 206, 208-13 (1998)
TO STATE AN ADA CLAIM, THE PLAINTIFF MUST ALLEGE
FOUR ELEMENTS: (1) THE PLAINTIFF IS AN INDIVIDUAL WITH A
DISABILITY; (2) THE PLAINTIFF IS OTHERWISE QUALIFIED TO
PARTICIPATE IN OR RECEIVE THE BENEFIT OF SOME PUBLIC
ENTITY' SERVICES, PROGRAMS, OR ACTIVITES, (3) THE PLAINTIFF
WAS EITHER EXCLUDED FROM PARTICIPATION IN OR DENIED
THE BENEFITS BY THE PUBLIC ENTITY, AND (4) SUCH
EXCLUSION, DENIAL OF BENEFITS OR DISCRIMINATION WAS BY
REASON OF THE PLAINTIFF' DISABILITY. SIMMONS VS. NAVAJO
COUNTY, ARIZ, 609 F.3d 1011, 1021 (9° CIR. 2010)
TO DEMONSTRATE A DISABILITY UNDER THE ADA, A PLAINTIFF
MUST SHOW THAT HE HAS BEEN DIAGNOSED WITH A CONDITION
THAT SUBSTANTIALLY LIMITS HIS LIFE ACTIVITIES.
BRAGDON VS. ABBOTT, 524 U.S. 624, 631 (1998)

→   MORRIS CLAIMS THAT AFTER MAKING THE DEFENDANTS AWARE OF
    HIS PHYSICAL DISABILITIES HE REQUESTED TO BE TRANSFERED TO
    A PRISON WHERE HE COULD HAVE ACCESS TO AN "ON-SITE"
    ORTHOPEDIST AND PODIATRIST, WHICH PELICAN BAY DOES NOT
    HAVE AVAILABLE AT ITS PRISON.
    MORRIS ALSO CLAIMS THAT HE REQUESTED USE OF A WHEELCHAIR
    AND ACCESS TO A WHEELCHAIR RAMP, ALL OF WHICH THE DEFENDANTS
    DENIED MORRIS ACCESS TO, FOR A 3-YEAR PERIOD AFTER BEING
    MADE AWARE OF HIS DIAGNOSIS OF A RIGHT-KNEE MENISCUS
    TEAR, KNEE OSTEOARTHRITIS AND FOOT ULCERS, WHICH LEAD
    TO THE SEVERE DEGENERATION OF HIS KNEE AND FOOT
    WITH SEVERAL AMPUTATION REQUEST BEING REQOMMENDATED

**B.** MORRIS IS ENTITLED TO MONEY DAMAGES.

MORRIS SEEKS MONETARY DAMAGES SUIT AGAINST DEFENDANTS. TO RECOVER SUCH DAMAGES UNDER THE "ADA", A PLAINTIFF MUST ESTABLISH INTENTIONAL DISCRIMINATION BY STATE OFFICIALS FERGUSON VS. CITY OF PHOENIX, 157 F.3d 668, 674 (9TH CIR. 1998) MORRIS'S "A.D.A." CLAIM STATES FACTS THAT THE DEFENDANTS HAD KNOWLEDGE OF HIS PHYSICAL DISABILITIES AND THAT HARM TO HIS FEDERALLY PROTECTED RIGHT WAS SUBSTANTIALLY LIKELY.

MORRIS WAS DIAGNOSED WITH A RIGHT-KNEE MENISCUS TEAR, KNEE OSTEOARTHRITIS AND FOOT ULCERS MORRIS CLAIMS THAT AFTER MAKING THE DEFENDANTS AWARE OF HIS PHYSICAL DISABILITIES HE REQUESTED TO BE TRANSFERED TO A PRISON WHERE HE COULD HAVE ACCESS TO AN ON-SITE ORTHOPEDIST AND PODIATRIST, WHICH PELICAN BAY DOES NOT HAVE ACCESS TO BECAUSE THEY ARE NOT AVAILABLE AT IT PRISON MORRIS ALSO CLAIMS THAT HE REQUESTED USE OF A WHEELCHAIR AND ACCESS TO A WHEELCHAIR RAMP, ALL OF WHICH THE DEFENDANTS DENIED MORRIS ACCESS TO FOR A 3-YEAR PERIOD AFTER BEING MADE OF HIS PHYSICAL DISABILITIES WHICH ESTABLISHES A "VIABLE" A.D.A. CLAIM UPON WHICH MONETARY DAMAGES CAN BE RECOVERED.

### CONCLUSION

THE "ADA" PROHIBITS PUBLIC ENTITIES AND/OR STATE OFFICIALS FROM DISCRIMINATING AGAINST A QUALIFIED INDIVIDUAL WITH A DISABILITY ON THE BASIS OF SUCH DISABILITY. MORRIS HAS STATED A VIABLE "A.D.A." CLAIM THAT IS COGNIZABLE AND SHOULD BE ALLOWED TO PROCEED IN THIS CASE FOR MONETARY DAMAGES. THEREFORE, FOR THE REASONS STATED ABOVE, MORRIS' "A.D.A." CLAIM AGAINST THE DEFENDANTS SHOULD BE ALLOWED TO PROCEED

DATED: FEBRUARY 28, 2020

SINCERELY,

TAIRAY TAQWAIN MORRIS
CDC#: J62077
PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA 95532

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

TAIRAY TAQWAIN MORRIS, Plaintiff

vs.

STATE OF CALIFORNIA, ET AL
Defendants

PLAINTIFF DECLARATION IN SUPPORT OF OPPOSITION TO DEFENDANTS MOTION TO DISMISS

19 cv 02620 (HSG)

I, TAIRAY TAQWAIN MORRIS, DECLARES:

✱ 1ˢᵗ. I AM THE PLAINTIFF, PRO SE, IN THE ABOVE ENTITLED CASE

✱ 2ⁿᵈ. I MAKE THIS DECLARATION IN SUPPORT OF MY OPPOSITION TO THE DEFENDANTS MOTION TO DISMISS

✱ 3ʳᵈ. ON FEBRUARY 4ᵗʰ, 2020, THE DEFENDANTS FILED THEIR MOTION TO DISMISS WITH THIS COURT

✱ 4ᵗʰ. ON FEBRUARY 13ᵗʰ, 2020, PELICAN BAY STATE PRISON B-YARD, WHERE I AM LOCATED, WENT TO LOCKDOWN FOR 14 DAYS UNTIL FEBRUARY 27ᵗʰ, 2020. (SEE ATTACHED PRISON RECORD INDICATING THIS)

✱ 5ᵗʰ. FROM FEBRUARY 13ᵗʰ, 2020 TO FEBRUARY 27ᵗʰ, 2020, I DID NOT HAVE ACCESS TO THE LAW LIBRARY WHICH IS WHERE I RECEIVE MY ENVELOPES, WRITING PAPER AND PENS.

✱ 6ᵗʰ. SINCE I AM AN INDIGENT PRISONER THE LAW LIBRARY IS THE ONLY PLACE I CAN RECEIVE WRITING MATERIAL.

✱ 7ᵗʰ. THIS IS WHY MY OPPOSITION MOTION IS TECHNICALLY LATE TO THIS COURT.

✱ 8ᵗʰ. I ASK THAT THE COURT EXCUSE MY LATE OPPOSITION MOTION AND GRANT ME THE RELIEF REQUESTED IN IT.

* 9". I WAS DIAGNOSED WITH A RIGHT-KNEE MENISCUS TEAR KNEE OSTEOARTHRITIS AND FOOT ULCERS IN 2017

* 10". THE DEFENDANTS WERE MADE AWARE, OF MY ABOVE PHYSICAL DISABILITIES, BY ME IN 2017, 2018 AND 2019, BY WAY OF ADMINISTRATIVE APPEAL

* 11". I MADE THE DEFENDANTS AWARE THAT DUE TO MY DIAGNOSED PHYSICAL DISABILITIES I WAS IN NEED OF A WHEELCHAIR, AND WHEELCHAIR RAMP

* 12". PELICAN BAY DOES NOT HAVE AN "ON-SITE" ORTHOPEDIST, AND PODIATRIST AT ITS PRISON IN 2020, NOR WERE THEY AVAILABLE IN 2017, 2018 AND 2019

* 13". THE DEFENDANTS KNEW THAT THEIR WERE NO ORTHOPEDIST OR PODIATRIST AVAILABLE AT ITS PRISON, BUT THEY REFUSED TO MAKE REASONABLE ACCOMMODATIONS TO ENSURE THAT I RECEIVE ACCESS TO AN ORTHOPEDIST, PODIATRIST, WHEELCHAIR OR WHEELCHAIR RAMP), BY REFUSING TO TRANSFER ME TO A PRISON WHERE AN ORTHOPEDIST OR PODIATRIST

* 14". TO THIS DAY, THE DEFENDANTS ARE STILL REFUSING TO MAKE REASONABLE ACCOMMODATIONS TO ENSURE THAT I RECEIVE ACCESS TO AN ORTHOPEDIST, PODIATRIST, WHEELCHAIR OR WHEELCHAIR RAMP

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED AT CRESCENT CITY, CALIFORNIA

* DATED: FEBRUARY 28", 2020

SINCERELY,

TAIRAY TAQWAIN MORRIS

COC#, J62077

PELICAN BAY STATE PRISON

P.O. BOX 7500

CRESCENT CITY, CA 95532

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA
CDCR 3022A (REV. 03/14)

# DAILY PROGRAM STATUS REPORT PART A -- PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

*Describe only this reporting period's specific Plan of Operation*
*Upon completion, distribute to ensure all staff and inmate awareness*

| PLAN EFFECTIVE FOR DATE: February 14, 2020 | INSTITUTION: PELICAN BAY STATE PRISON | | PROGRAM STATUS NUMBER: PBP-B-20-002 |
|---|---|---|---|
| ☐ NORMAL PROGRAM | ☒ MODIFIED PROGRAM | ☐ LOCKDOWN | ☐ STATE OF EMERGENCY  ☐ Approved  ☐ Disapproved |
| ☒ INITIAL | ☐ UPDATE | | ☐ CLOSURE |

## RELATED INFORMATION (CHECK ALL THAT APPLY)

| AREA AFFECTED | INMATES AFFECTED | REASON |
|---|---|---|
| ☒ INSTITUTION: PBSP | ☒ ALL | ☐ BATTERY |
| ☒ FACILITY: Facility B | ☐ SECURITY THREAT GROUP(S): | ☐ DEATH |
| ☒ HOUSING UNIT: 3-8 | | ☐ RIOT / DISTURBANCE |
| ☒ HOUSING LEVEL: IV | | ☒ THREATS |
| ☐ OTHER: | ☐ OTHER | ☐ CONTINUING VIOLENCE |
| | | ☐ MEDICAL QUARANTINE |
| | | ☐ OTHER |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| ☐ NORMAL | ☐ NORMAL | ☐ NORMAL |
| ☒ ESCORT ALL MOVEMENT | ☐ CRITICAL WORKERS ONLY | ☒ NO DAYROOM ACTIVITIES |
| ☒ UNCLOTHED BODY SEARCH PRIOR TO ESCORT | ☒ CULINARY-Level II Workers from Facility D. | ☐ MODIFIED: |
| ☒ IN RESTRAINTS | ☐ CLERKS | **RECREATION** |
| ☐ CONTROLLED MOVEMENT | ☐ VOCATION/EDUCATION | ☐ NORMAL |
| ☐ OTHER: | ☐ CANTEEN | ☒ NO RECREATIONAL ACTIVITIES |
| **FEEDING** | ☐ CLOTHING ROOM | ☐ MODIFIED: |
| ☒ NORMAL | ☐ RESTRICTED WORK PROGRAM | |
| ☐ CELL FEEDING | ☐ PORTERS | **CANTEEN** |
| ☐ CONTROLLED FEEDING IN DINING ROOM | ☒ NO INMATE WORKERS-From the Facility | ☐ NORMAL |
| ☐ HOUSING UNIT/DORM AT A TIME | ☐ OTHER: | ☒ NO CANTEEN |
| ☐ DORM / POD AT A TIME | **SHOWERS** | ☐ MODIFIED |
| ☐ TIER AT A TIME | ☐ NORMAL | **PACKAGES** |
| ☐ HOUSING UNIT SECTION AT A TIME | ☐ ESCORTED | ☐ NORMAL |
| ☐ SACK MEAL BREAKFAST | ☒ ONE INMATE PER SHOWER – OWN TIER | ☐ NO PACKAGES |
| | ☐ CELL PARTNERS TOGETHER – OWN TIER | ☒ MODIFIED: Packages issued once building is cleared |
| ☐ SACK MEAL LUNCH | ☐ DORM SHOWERING BY GROUP | |
| ☐ SACK MEAL DINNER | ☐ CRITICAL WORKERS ONLY | **PHONE CALLS** |
| **DUCATS** | ☐ NO SHOWERS | ☐ NORMAL |
| ☐ NORMAL | **HEALTH CARE SERVICES** | ☐ NO PHONE CALLS |
| ☐ CLASSIFICATION DUCATS | ☐ NORMAL PROGRAM | ☐ LEGAL CALLS |
| ☒ PRIORITY DUCATS ONLY | ☒ PRIORITY DUCATS / ADD ONS ONLY | ☒ MODIFIED: Phone Calls allowed once building is cleared. |
| ☐ OTHER: | ☒ CONDUCT ROUNDS IN UNITS | **RELIGIOUS SERVICES** |
| **VISITING** | ☒ ESCORTED TO TREATMENT AREA | ☐ NORMAL |
| ☐ NORMAL VISITING | ☐ EMERGENCY ONLY | ☒ CHAPLAINS CONDUCT ROUNDS |
| ☒ NON-CONTACT ONLY | ☒ MEDICATION DISTRIBUTION-Cell front | ☐ MODIFIED: |
| ☒ NO GENERAL VISITING | **LAW LIBRARY** | |
| ☐ LEGAL VISITING | ☐ NORMAL | |
| ☐ OTHER: | ☒ PLU   ☐ GLU | |

# PROOF OF SERVICE BY MAIL

BY PERSON IN STATE CUSTODY
(Fed. R. Civ. Proc. 5; 28 U.S.C. § 1746)

I, _TAIRAY TAQWAIN MORRIS_, declare: I am over eighteen (18) years of age and am a party to this action. I am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. My State Prison address is: Pelican Bay State Prison, P.O. Box 7500, Housing Unit _B3_ Cell Number _114_, Crescent City, CA, 95532-7500.

On the _FEBRUARY_ day of _28ᵗ, 2020_, I served the following document(s): _THE PLAINTIFF OPPOSITION OF THE DEFENDANTS MOTION TO DISMISS_

_____

_____

On the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a receptacle so provided at Pelican Bay State Prison, Crescent City, CA, 95532, and addressed as follows:

OFFICE OF THE CLERK
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
1301 CLAY ST. SUITE 400S
OAKLAND, CA 94612-5212

I declare under penalty of perjury that the foregoing is true and correct.

Inmate Signature _____

Date  2-28-2020