Case 4:19-cv-02620-HSG   Document 29   Filed 04/20/20   Page 1 of 18

FILED
APR 1 3 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name: __MORRIS__  __TAIRAY__  __TAQWAIN__
         (Last)      (First)     (Middle Initial)

Prisoner Number: __J62077__

Institutional Address: __PELICAN BAY STATE PRISON, P.O. BOX 7500__
__CRESCENT CITY, CALIFORNIA 95532__

UNITED STATES DISTRICT COURT   JURY TRIAL DEMANDED

NORTHERN DISTRICT OF CALIFORNIA

__TAIRAY TAQWAIN MORRIS__ ) **AMENDED COMPLAINT**
(Enter your full name.) )
 )
vs. ) Case No. **19-2620 HSG**
 ) (Provided by the clerk upon filing)
__STATE OF CALIFORNIA__ )
__CALIFORNIA DEPARTMENT OF CORRECTIONS__ ) COMPLAINT UNDER THE
 ) CIVIL RIGHTS ACT,
__CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES__ ) 42 U.S.C. § 1983
(Enter the full name(s) of the defendant(s) in this action.) )

ALL OF THE DEFENDANTS ARE SUED IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES

## I. Exhaustion of Administrative Remedies.

*Note:* You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.

A. Place of present confinement __PELICAN BAY STATE PRISON__

B. Is there a grievance procedure in this institution?  YES ☑  NO ☐

C. If so, did you present the facts in your complaint for review through the grievance procedure?  YES ☑  NO ☐

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

  1. Informal appeal: _____

1      2. First formal level: _____

2

3

4      3. Second formal level: _____

5

6

7      4. Third formal level: PBSP HC 19000631

8                             PBSP HC 17030155

9

10  E.  Is the last level to which you appealed the highest level of appeal available to you?

11      YES ☑     NO ☐

12  F.  If you did not present your claim for review through the grievance procedure, explain why.

13  ~~[scribbled out]~~

14  ~~[scribbled out]~~

15  ~~[scribbled out]~~

16  II. Parties.

17  A.  Write your name and present address. Do the same for additional plaintiffs, if any.

18      TAIRAY TAQWAIN MORRIS

19      PELICAN BAY STATE PRISON

20      P.O. BOX 7500, CRESCENT CITY, CALIFORNIA 95532

21  B.  For each defendant, provide full name, official position and place of employment.

22  1ˢᵗ. STATE OF CALIFORNIA

23  2ⁿᵈ. CALIFORNIA DEPARTMENT OF CORRECTIONS AND Rehabilitation

24  3ʳᵈ. PELICAN BAY STATE PRISON

25  4ᵗʰ. CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES

26  5ᵗʰ. RALPH DIAZ, SECRETARY OF CALIFORNIA DEPARTMENT OF Corrections

27  6ᵗʰ. JIM ROBERTSON, WARDEN OF PELICAN BAY STATE PRISON

28  7ᵗʰ. NANCY ADAMS, PHYSICIAN IN PELICAN BAY STATE PRISON

    8ᵗʰ. SUE RISENHOOVER, PHYSICIAN IN PELICAN BAY STATE PRISON

PRISONER COMPLAINT (rev. 8/2015)
Page 2 of 3

    9ᵗʰ. SUSAN WADDELL, NURSE IN PELICAN BAY STATE PRISON

# CLAIM No. 1

The defendants three year delay in providing the plaintiff with access to a podiatrist, orthopedist or a M.R.I. after being made aware of his serious medical need to the extensive degeneration of the plaintiff's knee, foot and toes

This claim is a <u>Eighth Amendment deliberate indifference</u> claim for the failure to provide medical care

This claim is also an <u>Americans with Disabilities Act</u> Amendment Act for the violation of A.D.A.A.A. rights

* 1. On <u>June 15, 2015</u>, the plaintiff was seen by the defendant <u>Susan Waddell</u> for a follow-up visit concerning a foot infection in the webb spaces between his 4th and 5th toes in his left foot

* 2. The plaintiff's <u>4th and 5th toes</u> contained wet macerated fizzures.

* 3. The plaintiff notified defendant Susan Waddell that he had the foot infection since <u>January of 2015</u>.

* 4. The defendant Susan Waddell told the plaintiff to keep his toes dry, avoid creams, soap or water.

* 5. Defendant <u>Susan Waddell</u> gave the plaintiff further instructions to keep his left foot elevated, and to use cool compresses to top of his foot for discomfort.

* 6. The plaintiff notified defendant <u>Susan Waddell</u> he was experiencing severe pain in his toes, and needed

8. The defendant SUSAN WADDELL failed to notify or consult with a physician regarding the plaintiff' foot infection.

9. From June 16, 2018 to June 24, 2018, the plaintiff continued to complain about the foot infection in his toes, and he was referred to a physician by Nurse Jane Doe.

10. On June 25, 2015, defendant physician SUE RISENHOOVER order a X-ray of the plaintiff' left foot in the webb spaces between the 4th and 5th toes.

11. Defendant SUE RISENHOOVER evaluated the plaintiff's X-ray results which found soft tissue swelling of the plaintiff' 4th and 5th toes.

12. Defendant SUE RISENHOOVER diagnosed the plaintiff with a ORTHOPEDIC DISORDER.

13. An ORTHOPEDIC DISORDER is a PHYSICAL IMPAIRMENT as defined by the AMERICANS WITH DISABILITY ACT.

14. The plaintiff notified defendant SUE RISENHOOVER that due to his orthopedic disorder he was experiencing PAIN everytime he put on his shoes or attempted to walk.

15. Defendant SUE RISENHOOVER failed to give the plaintiff any pain medication for his ORTHOPEDIC DISORDER and took no further action.

16. From June 25, 2015 to October 15, 2015, the plaintiff did not received any treatment for his orthopedic disorder from defendant SUE RISENHOOVER despite submitting several sick call slips.

17. On OCTOBER 16, 2015, the plaintiff had a follow-up medical visit with the defendant SUE RISENHOOVER.

18. The plaintiff notifies defendant SUE RISENHOOVER that he was experiencing swelling in his right leg.

19. Defendant SUE RISENHOOVER failed to provide the plaintiff with any treatment for his swelling in his right leg.

* 20". From October 16", 2015 to October 22", 2016, the Plaintiff did NOT receive any treatment for the swelling in his right leg despite making several request to Defendant SUE RISENHOOVER.

* 21". On October 23", 2016, the Plaintiff submitted a sick call request form complaining about the swelling in his right knee.

* 22". From October 23", 2016 to January 31", 2017, the Plaintiff did NOT receive any treatment for the swelling in his right knee.

* 23". On February 1", 2017, Defendant SUSAN WADDEL falsifies medical documents by stating that the Plaintiff had no recent medical complaint.

* 24". On February 7", 2017, the Plaintiff submitted a sick call request form, requesting a x-ray of his right knee which was giving him pain.

* 25". On February 8", 2017, Nurse CHRISTIAN CABALLERO sent an email to Defendant NANCY ADAMS stating that the Plaintiff had submitted multiple sick call requests forms complaining about pain in his right knee, and GANG GREEN FUNGUS in between his toes.

* 26". From February 8", 2017 to February 12", 2017, the Plaintiff did NOT receive any treatment for the pain in his right knee or green fungus in his toes.

* 27". On February 14", 2017, the Plaintiff met with the Defendant NANCY ADAMS, and complained about the swelling in his right knee.

* 28". Defendant NANCY ADAMS recommended that the Plaintiff keep his right knee elevated and to submit another sick call request form in 2 months.

* 29". From February 15", 2017 to March 15", 2017 the Plaintiff experiences an increase in the pain in his swelling and pain in his right knee.

*30*. ON MARCH 16, 2017, THE PLAINTIFF' RIGHT KNEE SWELLING AND PAIN WAS EVALUATED BY NURSE KIMBERLY CARTER.

*31*. NURSE KIMBERLY CARTER SENT AN EMAIL TO DEFENDANT NANCY ADAMS NOTIFYING HER OF THE PLAINTIFF' RIGHT KNEE SWELLING AND PAIN

*32*. DEFENDANT NANCY ADAMS NOTIFIES NURSE KIMBERLY CARTER THAT SHE WOULD NOT CONSIDER OR EVALUATE THE PLAINTIFF' RIGHT KNEE SWELLING OR PAIN UNTIL APRIL OF 2017

*33*. FROM MARCH 16, 2017 TO APRIL 16, 2017 THE PLAINTIFF EXPERIENCED AN INCREASE IN THE SWELLING AND PAIN IN HIS RIGHT KNEE, BUT RECEIVED NO TREATMENT FOR IT.

*34*. ON APRIL 16, 2017, THE PLAINTIFF SUBMITTED A SICK CALL SLIP REQUEST FORM COMPLAINING ABOUT THE SWELLING IN HIS KNEE AND REQUESTED A M.R.I OF HIS KNEE.

*40*. FROM APRIL 17, 2017 TO APRIL 30, 2017, THE PLAINTIFF DID NOT RECEIVE ANY TREATMENT FOR THE SWELLING IN HIS RIGHT KNEE

*41*. ON MAY 1, 2017, THE PLAINTIFF MET WITH DEFENDANT NANCY ADAMS COMPLAINING ABOUT THE ONGOING PAIN IN HIS RIGHT KNEE WHICH WAS SO BADLY DEGRADED IT WAS PREVENTING HIM FROM WALKING

*42*. THE PLAINTIFF ALSO SHOWED DEFENDANT NANCY ADAMS THE MACERATED SKIN BETWEEN THE 4TH AND 5TH TOES ON HIS RIGHT FOOT:

*43*. DEFENDANT NANCY ADAMS ORDERED FOR THE PLAINTIFF TO RECEIVE A X-RAY OF HIS RIGHT KNEE, AND SHE DIAGNOSED HIM WITH A RIGHT KNEE JOINT SWELLING AND TINEA PEDIS IN THE FOOT/TOE AREA.

*44*. ON MAY 4, 2017, THE PLAINTIFF RECEIVES A X-RAY OF HIS RIGHT KNEE.

*45*. THE X-RAY SHOWED THAT THE PLAINTIFF HAD A SMALL EFFUSION, MODERATE PATELLOFEMORAL AND MEDIAL COMPARTMENT OSTEOARTHRITIS

* 46". A MEDIAL COMPARTMENT OSTEOARTHRITIS IS A PHYSICAL DISABILITY AS DEFINED BY THE AMERICANS WITH DISABILITIES ACT BECAUSE IT PREVENTS THE PLAINTIFF FROM WALKING

* 47". FROM MAY 8, 2017 TO NOVEMBER 26, 2018, THE PLAINTIFF WAS NOT SEEN OR TREATED BY DEFENDANT NANCY ADAMS REGARDING HIS KNEE OSTEOARTHRITIS DESPITE SUBMITTING NUMEROUS SICK CALL COMPLAINTS.

* 48". THE ABOVE SPAN COVERS EIGHTEEN (18) CONSECUTIVE MONTHS

* 49". ON NOVEMBER 27, 2018, THE PLAINTIFF WAS SEEN BY DEFENDANT NANCY ADAMS CONCERNING HIS CHRONIC KNEE PAINS AND FOOT ULCERS.

* 50". DEFENDANT NANCY ADAMS ORDERED A GENERAL SURGERY FOR THE PLAINTIFF'S NON-HEALING FOOT ULCERS BETWEEN THE PLAINTIFF'S 4" AND 5" TOES, WHICH WAS 5mm DEEP AT ONE POINT

* 51". ON DECEMBER 3, 2018, THE PLAINTIFF SUBMITTED A SICK CALL REQUEST SLIP COMPLAINING ABOUT THE SWELLING IN HIS RIGHT KNEE AND REQUESTED A KNEE BRACE BECAUSE HE COULD BARELY WALK.

* 52". ON DECEMBER 10, 2018, A X-RAY WAS TAKEN OF THE PLAINTIFF RIGHT FOOT, WHERE A SOFT TISSUE SWELLING WAS FOUND ALONG THE 4" AND 5" TOES WITH ASSOCIATED INSPIRATION

* 53". FROM DECEMBER 11", 2018, THE PLAINTIFF DID NOT RECEIVE ANY MEDICAL TREATMENT.

* 54". ON DECEMBER 18, 2018, THE PLAINTIFF RECEIVED A WALKING CANE AND A KNEE BRACE, WHICH WAS EIGHTEEN (18) MONTHS AFTER BEING DIAGNOSED WITH KNEE OSTEOARTHRITIS AND THREE (3) YEARS AFTER BEING DIAGNOSED WITH AN ORTHOPEDIC DISORDER

* 55". ON DECEMBER 20, 2018, THE PLAINTIFF SUBMITTED A SICK CALL REQUEST SLIP COMPLAINING ABOUT THE PAIN IN HIS RIGHT KNEE.

* 56": On December 24, 2018, Doctor Mansoor Emam issues a outpatient progress note regarding the plaintiff right knee and the need for a X-ray and possibly a M.R.I.

* 57": On December 27, 2018, the plaintiff receives a X-ray of his right knee

* 58": The X-ray results showed arthritis with joint effusion.

* 59": On December 31, 2018, the plaintiff receives a surgical consultation with Doctor Mark. Deatherage at the Grants Pass Hospital

* 60": Doctor Mark F. Deatherage recommended that the plaintiff see a podiatrist as amputation may be required.

* 61": Doctor Mark F. Deatherage recommended that the plaintiff 4" and 5" toes on his right foot be amputated

* 62": On January 11, 2019, defendant Nancy Adams notified the plaintiff that there were no podiatrist or orthopedist available at Pelican Bay State Prison and that she would not provide any further treatment for his orthopedic disorder or knee osteoarthritis

* 63": On February 7, 2019, the plaintiff receives a M.R.I. of his right foot, with and without contract.

* 64": The M.R.I. finding showed a soft tissue edema and enhancement with cellulitis present adjacent to the 4" and 5" metatarsophilangeal joints, and a moderate to severe degenerative changes at the talonavicular joints

- 65. ON FEBRUARY 7, 2019, THE PLAINTIFF ALSO RECEIVED A M.R.I OF HIS RIGHT KNEE, WITH AND WITHOUT CONTRAST

- 66. THE M.R.I. FINDINGS CONCLUDED THAT THE PLAINTIFF HAD A EXTENSIVE TEAR OF THE POSTERIOR HORN AND BODY OF THE MEDIAL MENISCUS

- 67. THE M.R.I. FINDINGS ALSO CONCLUDED THAT THE PLAINTIFF HA
  - PARTIAL TEAR VERSUS MUCOID DEGENERATION OF THE ANTERIOR CRUCIATE LIGAMENT
  - SEVERE DEGENERATIVE CHANGES WITHIN THE MEDIAL COMPARTMENT
  - SEVERE COMTEMPLATION AT THE PATELLOFEMORAL JOINT
  - LARGE JOINT EFFUSION WITH MILD THICKENING OF THE SYNOVIUM AND ILL-DEFINED EDEMA, ESPECIALLY POSTERIORLY AT THE KNEE

- 68. ON FEBRUARY 12, 2019, THE PLAINTIFF WAS SEEN BY A WOUND TEAM CONSISTING OF DOCTORS BENTON STOUT AND MANISH MEHTA, WHO ISSUED THE PLAINTIFF SOME CLOTRIMAZOLE TOPICAL CREAM AND NOTIFIED HIM OF HIS M.R.I. RESULTS

- 69. ON FEBRUARY 19, 2019, THE PLAINTIFF HAD HIS FIRST APPOINTMENT WITH A PODIATRIST NAMED MICHEAL WOLTERBEEK AT THE SAN JOAQUIN GENERAL HOSPITAL

- 70. THE PODIATRIST RECOMMENDED MEDICATION AND TOE SPACERS AND POSSIBLE HAMMERTOE CORRECTION SURGERY IF THE MACERATION BETWEEN THE TOES DOES NOT GO AWAY

- 71. ON FEBRUARY 20, 2019, THE PLAINTIFF SAW THE DEFENDANT NANCY ADAMS, WHO SUBMITTED A REQUEST FOR THE PLAINTIFF TO SEE A ORTHOPEDIST

- 72. ON FEBRUARY 20, 2019, THE PLAINTIFF WAS OFFICIALLY DIAGNOSED WITH A RIGHT KNEE MENISCAL TEAR

- 73. A RIGHT KNEE MENISCAL TEAR IS A PHYSICAL DISABILITY AND IMPAIRMENT AS DEFINED BY THE AMERICANS WITH DISABILITIES ACT

- 74#. AS OF MAY 1, 2019, THE PLAINTIFF STILL HAS NOT BEEN SEEN BY AN ORTHOPEDIST CONCERNING HIS RIGHT KNEE MENISCAL TEAR

- 75#. THE DEFENDANTS THREE-YEAR DELAY IN PROVIDING THE PLAINTIFF WITH ACCESS TO A PODIATRIST, ORTHOPEDIST OR A M.R.I. OF HIS KNEE, FOOT AND TOES LEAD TO THE DEGENERATION OF HIS KNEE, FOOT AND TOES

AS A RESULT OF THE DEFENDANTS DELIBERATE INDIFFERENCE TO THE PLAINTIFF' SERIOUS MEDICAL NEEDS, THE PLAINTIFF HAS EXPERIENCED SEVERE PAIN AND SUFFERING FOR OVER THREE YEARS

AS A RESULT OF THE DEFENDANTS DELIBERATE INDIFFERENCE THE PLAINTIFF HAS SUFFERED SERIOUS PHYSICAL INJURIES, EXTENSIVE DEGENERATION AND EVEN AN AMPUTATION RECOMMENDATION

# CLAIM No.# 2

THE DEFENDANTS ARE VIOLATING THE PLAINTIFFS RIGHTS UNDER THE AMERICANS WITH DISABILITIES ACT BY DISCRIMINATING AGAINST HIM BY REASON OF HIS PHYSICAL DISABILITIES

## HERE ARE THE COMPLETE FACTS IN THIS CLAIMS

- 1#. THE DEFENDANT STATE OF CALIFORNIA ACCEPTS FEDERAL FUNDING FOR ITS PRISON PROGRAMS

- 2#. THE DEFENDANT CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ACCEPTS FEDERAL FUNDING FOR ITS PRISON PROGRAMS AND SERVICES

- 3#. THE DEFENDANT CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES RECEIVES FEDERAL FUNDING FOR ITS PRISON MEDICAL PROGRAMS AND SERVICES

- 4#. IN 2008, CONGRESS ENACTED INTO LAW THE ADA AMENDMENTS ACT OF 2008 ("ADAAA") THE PURPOSE OF WHICH WAS TO BROADEN THE DEFINITION OF AN ADA DISABILITY

- 5#. THE PLAINTIFF HAS BEEN DIAGNOSED WITH A RIGHT KNEE MENISCAL TEAR, KNEE OSTEOARTHRITIS, TINEA PEDIS AND FOOT ULCERS

- 6#. ALL OF THE PLAINTIFF' ABOVE-MENTIONED INJURIES ARE REGARDED AS PHYSICAL IMPAIRMENTS WITH THE MEANING OF THE "ADAAA"

- 7#. SINCE BEING DIAGNOSED WITH THE ABOVE INJURIES THE PLAINTIFF HAS REQUESTED TO BE TRANSFERRED TO A PRISON WHERE HE CAN HAVE CONSTANT ACCESS TO AN ORTHOPEDIST AND PODIATRIST WHICH PELICAN BAY DOES NOT HAVE AVAILABLE

- 8#. DEFENDANT JIM ROBERTSON IS THE WARDEN OF THE PELICAN BAY STATE PRISON

- 9#. DEFENDANT RALPH DIAZ IS THE SECRETARY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

- 10#. THE PLAINTIFF HAS ALSO REQUESTED A <u>WHEELCHAIR</u> AND TO BE PLACED IN A BUILDING WITH A <u>WHEELCHAIR RAMP</u>

- 11#. THE DEFENDANT <u>JIM ROBERTSON</u> HAS DENIED THE PLAINTIFF' REQUEST TO BE MOVED TO A BUILDING WITH A WHEELCHAIR RAMP

- 12#. PELICAN BAY STATE PRISON DOES NOT HAVE A PODIATRIST OR ORTHOPEDIST ON-SITE AT ITS PRISON

- 13#. IN ORDER FOR AN INMATE AT PELICAN BAY TO BE SEEN BY AN ORTHOPEDIST OR PODIATRIST, THEY MUST BE DRIVEN <u>OVER 300 MILES</u> TO A CONTRACTED-HOSPITAL

- 14#. THE PLAINTIFF HAS SUBMITTED SEVERAL "602" APPEALS REQUESTING TO BE TRANSFERRED TO A PRISON WHERE HE CAN HAVE CLOSER ACCESS TO AN <u>ORTHOPEDIST</u> AND <u>PODIATRIST</u>, WHICH DEFENDANT <u>JIM ROBERTSON</u> AND <u>RALPH DIAZ</u> <u>WERE FIRST MADE AWARE</u> IN <u>2015</u>

- 13". THE DEFENDANTS <u>JIM ROBERTSON</u>, <u>RALPH DIAZ</u> <u>CALIFORNIA DEPARTMENT OF CORRECTIONS AND Rehabilitation</u> AND <u>CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES</u> HAVE ALL <u>REFUSED</u> TO ACCOMMODATE THE PLAINTIFF' TRANSFER REQUEST WHILE HAVING <u>KNOWLEDGE</u> OF HIS PHYSICAL IMPAIRMENTS

- 14#. THE DECISION OF THE ABOVE DEFENDANTS <u>NOT TO</u> TRANSFER THE PLAINTIFF TO A PRISON WHERE HE CAN HAVE CLOSER ACCESS TO AN <u>ORTHOPEDIST</u> AND PODIATRIST, HAVE <u>LEAD</u> TO THE <u>EXTENSIVE DEGENERATION</u> OF THE PLAINTIFF' RIGHT KNEE, FOOT AND TOE, <u>IN PART</u>.

- 15#. AS OF THIS DATE, THE PLAINTIFF HAS <u>NOT</u> BEEN SEEN BY AN <u>ORTHOPEDIST</u> IN <u>THREE (3) YEARS</u>

- 16#. AS OF THIS DATE, THE PLAINTIFF HAS ONLY BEEN SEEN BY A PODIATRIST ONE TIME IN 3 YEARS

# RELIEF

THE PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT ENTER JUDGEMENT GRANTING THE PLAINTIFF COMPENSATORY DAMAGES IN THE AMOUNT OF $3,000,000 AND GRANT THE PLAINTIFF PUNITIVE DAMAGES IN THE AMOUNT OF $3,000,000 GRANT THE PLAINTIFF A JURY TRIAL ON ALL ISSUES AND CLAIMS TRIABLE BY JURY

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

DATED: APRIL 8, 2020

*signature*
TAIRAY MORRIS
CDC#: J62077
PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA 95532

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
TAIRAY TAQWAIN MORRIS

### DEFENDANTS
STATE OF CALIFORNIA

(b) County of Residence of First Listed Plaintiff: **Del Norte**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | LABOR | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | PERSONAL PROPERTY | ☐ 710 Fair Labor Standards Act | SOCIAL SECURITY | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | IMMIGRATION | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | Other: | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☒ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
**42 U.S.C. §1983**
Brief description of cause: **Prisoner Civil Rights**

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ **6,000,000**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: _____   DOCKET NUMBER: _____

DATE: **4-8-2020**
SIGNATURE OF ATTORNEY OF RECORD: *Tairay Morris*

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

TAIRAY TAQWAIN MORRIS, PLAINTIFF

VS.

STATE OF CALIFORNIA, ET AL
DEFENDANTS

PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

19 CV 02620 (HSG)

PLAINTIFF, TAIRAY MORRIS, PURSUANT TO RULE 15(a), FED. R. CIV. P., REQUESTS LEAVE TO FILE AN AMENDED COMPLAINT ADDING A PARTY AND CLARIFYING THE ISSUES SURROUNDING CLAIM NO. 1 IN THE AMENDED COMPLAINT

* 1. SINCE THE FILING OF THE COMPLAINT THE PLAINTIFF HAS DETERMINED THE PELICAN BAY STATE PRISON SHOULD BE ADDED AS A DEFENDANT AND THAT THE FACTS MENTIONED IN CLAIM NO. 1 OF THE COMPLAINT SHOULD BE CLARIFIED IN MORE DETAIL.

* 2. THIS COURT SHOULD GRANT LEAVE FREELY TO AMEND A COMPLAINT FOMAN VS. DAVIS, 371, 178, 182, 83 S.Ct 227 (1962); WILLIAMS VS. CARGILL INC, 159 F.SUPP.2d 984, 997-98

* DATED: APRIL 8, 2020

TAIRAY TAQWAIN MORRIS
CDC# J62077
PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA 95532

FILED

DEAR CLERK,                                                    April 8, 2020

Re: TAIRAY TRAWAIN MORRIS. VS. STATE OF CALIFORNIA, et al
    Case #: 19 CV 02620 (HSG)

I AM THE PLAINTIFF, Pro Se, IN THE ABOVE ENTITLE CASE

* ENCLOSED, PLEASE FIND FOR FILING:

- PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

I WOULD APPRECIATE IT IF YOU WOULD FILE THE ENCLOSED MOTION AS SOON AS POSSIBLE.

* Note: DUE TO THE CORONAVIRUS SITUATION, MY LAW LIBRARY IS DENYING ALL PHYSICAL ACCESS TO THE LAW LIBRARY WHICH IS PREVENTING ME FROM MAKING COPIES OF THIS MOTION THEREFORE, I WOULD APPRECIATE IT IF YOU WOULD SEND ME AN COURTESY COPY OF THE ENCLOSED MOTION AFTER YOU FILE IT.

THANK YOU FOR YOUR TIME AND CONSIDERATION

SINCERELY,

Tairay Trawain Morris
TAIRAY TRAWAIN MORRIS
CDC#: J62077
PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA 95532

NAME TAIRAY MORRIS
CDC J62077 HOUSING B3-114
PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA. 95532

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

LEGAL MAIL

RECEIVED
APR 13 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
1301 CLAY STREET, SUITE 400 S
OAKLAND, CA 94612




4-8-2020

WAGNER, E c/o