UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIRAY TAQWAIN MORRIS,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 19-cv-02620-HSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; GRANTING LEAVE TO AMEND; SCREENING AMENDED COMPLAINT; SETTING BRIEFING SCHEDULE**<br><br>Re: Dkt. Nos. 24, 29 |

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Now pending before the Court is defendants' motion to dismiss plaintiff's claim that defendants violated his rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). Dkt. No. 24. Plaintiff has filed an opposition, and defendants have filed a reply. Dkt. Nos. 25, 27.[1] Also pending before the Court is plaintiff's request for leave to file an amended complaint. Dkt. No. 29. For the reasons set forth below, the Court GRANTS defendants' motion to dismiss; GRANTS plaintiff leave to file the proposed amended complaint; screens the amended complaint, and orders service on defendants Adams and Risenhoover.

//

//

---

[1] Plaintiff has also filed a surreply (a response to defendants' reply). Dkt. No. 28. Plaintiff did not obtain the required Court approval prior to filing his surreply. Pursuant to N.D. Cal. Local Rule 7-3(d), once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except if new evidence has been submitted in the reply or if a relevant judicial opinion was published after the date the opposition or reply was filed. Here, no new evidence was submitted in the reply, and plaintiff was not submitting notice of a relevant judicial opinion in his surreply. However, the Court has considered plaintiff's surreply in deciding the pending motion to dismiss.

**DISCUSSION**

**I.      Complaint**

The complaint makes the following allegations and legal claims. Plaintiff has been diagnosed with a right knee meniscal tear, knee osteoarthritis, tinea pedis and foot ulcers. Dkt. No. 1 at 11. Plaintiff claims that these conditions constitute physical impairments within the meaning of the ADA. *Id.* Since being diagnosed with these conditions, plaintiff has requested transfer to a prison where he will have regular access to an orthopedist and podiatrist, a wheelchair, and housing in a building with a wheelchair ramp. *Id.* Plaintiff's requests have been denied. Plaintiff continues to be housed at PBSP which does not have an orthopedist or a podiatrist on-site. Plaintiff also continues to be housed in a building that does not have a wheelchair ramp. *Id* at 12. The failure to accommodate these requests resulted in further degeneration of plaintiff's right knee, foot, and toe. *Id.* Defendants' denial of plaintiff's requests violated the Eighth Amendment's prohibition on deliberate indifference to an inmate's serious medical needs and plaintiff's rights under the ADA. Plaintiff seeks $3 million in compensatory damages and $2 million in punitive damages. *Id.* at 13.

**II.     November 26, 2019 Screening Order**

On November 26, 2019, the Court screened the complaint and found that the complaint's allegations that defendants acted with deliberate indifference in refusing to provide reasonable accommodations for plaintiff as a disabled person stated a claim for compensatory damages under the ADA against Defendants Robertson and Diaz in their official capacities, and against the state of California, the California Department of Corrections and Rehabilitation ("CDCR"), and the California Correctional Health Care Services ("CCHCS"). The Court dismissed the following claims with prejudice on various grounds: the ADA claims against Defendants Robertson and Diaz in their individual capacities, the claim for punitive damages for the ADA violations; the Eighth Amendment claim against the state of California, the CDCR, the CCHCS, and against the individual defendants in their official capacities; and the Eighth Amendment claim against Warden Robertson and Secretary Diaz. The Court dismissed the Eighth Amendment claim against defendants Dr. Adams, Dr. Risenhoover, and RN Waddell in their individual capacities because

the factual allegations in the complaint indicated that these defendants took reasonable steps to address his medical needs, such as prescribing medication, ordering x-rays or medication, and arranging for outside consultations. Plaintiff's allegation that these defendants should have pursued a different course of medical treatment was insufficient, as a matter of law, to establish deliberate indifference. *See* Dkt. No. 16 at 2-8. The Court granted plaintiff leave to amend this Eighth Amendment claim against RN Waddell, Dr. Risenhoover, and Dr. Adams if plaintiff could, in good faith, allege additional facts that, liberally construed, would state a cognizable Eighth Amendment claim. *See* Dkt. No. 16 at 8. The Court instructed plaintiff that if he wished to amend his Eighth Amendment claim against RN Waddell, Dr. Risenhoover, and Dr. Adams, plaintiff should file an amended complaint by December 24, 2019, and that the failure to do so would result in the initial complaint remaining the operative complaint; this action proceeding solely on the ADA claim; and defendants Dr. Risenhoover, Dr. Adams, and RN Waddell being dismissed from this action. *See id.* Plaintiff did not file an amended complaint by the deadline and on January 13, 2020, the Court dismissed Dr. Risenhoover, Dr. Adams, and RN Waddell from this action with prejudice. Dkt. No. 20.

### III. Motion to Dismiss

#### A. Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court may dismiss a complaint (or any part thereof) that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering whether a plaintiff has stated such a claim, the Court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). Where a plaintiff is proceeding *pro se,* "particularly in civil rights cases," the court "construe[s] the pleadings liberally" and gives the plaintiff "the benefit of any doubt." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal quotation marks omitted). Still, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

3

a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Leave to amend is warranted when the deficiencies in the pleadings can be cured with additional allegations that do not contradict the allegations in the original complaint.  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

**B.   Elements of an ADA Claim**

Title II of the ADA prohibits governmental entities from discriminating against "a qualified individual with a disability" on the basis of that disability.  42 U.S.C. §§ 12101 *et seq.*; *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).  In the context of the ADA, the term "disability" means: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of the person; (B) having a record of such an impairment; or (C) being regarded as having such an impairment." *Id.* at § 12102(1).[2]  To state a claim under Title II, a plaintiff must allege the following: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

**C.   Analysis**

Defendants argue that plaintiff has failed to state an ADA clam because (1) his claim is actually a complaint about his medical treatment and not an ADA claim; (2) plaintiff's right knee meniscus tear, knee osteoarthritis, and foot ulcers are not physical impairments that substantially limit one or more major life activities; and (3) plaintiff does not identify any public services to which he was denied access due to his disability.  Separately, defendants also argue that the damages claim is subject to dismissal because plaintiff has failed to demonstrate deliberate indifference, and that defendant CCHCS should be dismissed because it is a unit of the CDCR,

---

[2] Sections 12101 and 12102, including the definition of "disability" in Section 12102(2), are general provisions, applicable to all titles of the ADA.  *See Sutton v. United Airlines, Inc.*, 527 U.S. 471, 477-78 (1999); 42 U.S.C. §§ 12101-12102.

4

and not a separate legal person or entity. *See generally* Dkt. No. 24.

Plaintiff argues that his right-knee meniscus tear, knee osteoarthritis, and foot ulcers constitute disabilities within the meaning of the ADA, and that the following constitute "services" within the meaning of the ADA: a wheelchair, housing in a building with a wheelchair ramp, and housing in a facility with an on-site podiatrist and orthopedist. *See* Dkt. No. 25 at 1-3; Dkt. No. 28 at 3. Plaintiff also argues that he has stated a viable ADA claim for money damages because he sufficiently alleged intentional discrimination when he alleged that defendants were aware of his physical disabilities but denied his requests for a three year period. *See* Dkt. No. 25 at 4. Plaintiff does not address whether CCHCS should be dismissed.

The Court will assume arguendo that plaintiff's right-knee meniscus tear, knee osteoarthritis, and foot ulcers substantially limited one or more of his major life activities. However, the Court agrees that the complaint does not state an ADA claim. Plaintiff's requests – a wheelchair, housing in a facility with a wheelchair ramp, and housing in a prison with an on-site podiatrist and orthopedist – are requests for medical treatment, not requests for the prison's services, programs or activities, as understood by the ADA. The defendants' failure to provide the requested medical treatment does not state a cognizable ADA claim. The "ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010), *overruled in part on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016); *see also Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners . . . . The ADA does not create a remedy for medical malpractice.").

Plaintiff incorrectly cites *Love v. Westville Correctional Ctr.*, 103 F.3d 558, 558-59 (7th Cir. 1996), as holding that medical services are "services" within the meaning of the ADA. Dkt. No. 28 at 3. *Lovelace* did not concern medical services. In *Lovelace*, Lovelace was a quadriplegic confined to a wheelchair and was, because of his disability, housed in an infirmary for a year. His infirmary placement prevented him from using the prison's recreational facilities, dining hall, and general inmate population visitation facilities, and from participating in the substance abuse,

5

1  education, church, work, or transition programs available to members of the general inmate
2  population.  In deciding whether the trial court erred in granting Lovelace's motion for a new trial,
3  the Seventh Circuit found that there was no dispute as to whether Lovelace was a qualified
4  individual with a disability within the meaning of the ADA, and as to whether he was denied
5  access to programs and activities, such as church services, substance abuse program, and college
6  classes, due to his disability.  None of the programs and activities identified by the Seventh Circuit
7  in *Lovelace* were medical services.

8  Accordingly, the Court GRANTS defendants' motion to dismiss the ADA claim.  The
9  ADA claim is DISMISSED with prejudice because granting leave to amend would be futile.
10 Plaintiff's requests concern treatment for his medical conditions, and not services, programs, or
11 activities covered by the ADA.  *See Simmons*, 609 F.3d at 1022.  The only claim in the complaint
12 is plaintiff's ADA claim.  With the dismissal of this ADA claim, there are no remaining claims.
13 The Court therefore need not, and does not, address defendants' arguments regarding the
14 availability of monetary damages in this case and regarding whether CCHCS should be dismissed.
15 However, the Court will not dismiss this action because, as discussed below, the Court grants
16 plaintiff's request for leave to file an amended complaint.

### IV. Request for Leave to File an Amended Complaint

18 On April 20, 2020, plaintiff requested that the Court allow him to file an amended
19 complaint.  Dkt. No. 29.  Plaintiff states that he did not learn of the Court's November 26, 2019
20 screening order until he received the motion to dismiss on February 4, 2020, and that he was
21 unable to timely file an amended complaint because his facility was on lockdown from February
22 13-28, 2020, and he had an obligation to first timely oppose the motion to dismiss.  Dkt. No. 30.
23 Plaintiff has filed a proposed amended complaint that he states amends the original complaint by
24 adding Pelican Bay State Prison as a defendant and by providing more detail regarding Claim No.
25 1.  Dkt. No. 29 at 1-13 (proposed first amended complaint), 15 (motion).

#### A. Legal Standard

27 Fed. R. Civ. P. 15(a) provides that, after a motion to dismiss has been served, a party may
28 amend its pleading only with the opposing party's written consent or the court's leave, and that the

6

court should freely give leave when justice so requires in the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. Fed. R. Civ. P. 15(a); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012). A district court should deny leave to amend on futility grounds if "it appears beyond doubt that the plaintiff's proposed amended complaint would not remedy the deficiencies in the previous complaint." *Adam v. Hawaii*, 235 F.3d 1160, 1164 (9th Cir. 2001). District courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

### B. Analysis

The Court has reviewed the proposed amended complaint. The proposed amended complaint is similar to the original complaint but differs in three significant ways. First, Pelican Bay State Prison has been added as a defendant. Second, petitioner alleges that despite making several requests to defendant Risehoover from October 16, 2015 to October 22, 2016, plaintiff did not receive any treatment for the swelling in his right leg. Third, plaintiff alleges that despite submitting numerous sick call complaints from May 8, 2017 to November 26, 2018, plaintiff was not seen or treated by defendant Adams regarding his knee osteoarthritis. Outside of these differences, the proposed amended complaint makes the same legal claims that defendants the state of California, CDCR Secretary Diaz, the CDCR, PBSP Warden Robertson, CCHCS, PBSP doctor Adams, PBSP doctor Risenhoover, PBSP nurse Waddell, and PBSP violated the ADA and the Eighth Amendment when, despite being aware of the extensive degeneration of plaintiff's knee, foot and toes, refused, over a three-year period, to provide plaintiff with access to a podiatrist and orthopedist, and with an MRI. Plaintiff again seeks damages.

A prison official is deliberately indifferent within the meaning of the Eighth Amendment if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th

1    Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.
2    1997). "A difference of opinion between a prisoner-patient and prison medical authorities
3    regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337,
4    1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion
5    as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to
6    establish deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004);
7    *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

8        Liberally construed, plaintiff's allegations that (1) despite making several requests to defendant Risehoover from October 16, 2015 to October 22, 2016, plaintiff did not receive any treatment for the swelling in his right leg, and (2) despite submitting numerous sick call complaints from May 8, 2017 to November 26, 2018, plaintiff was not seen or treated by defendant Adams regarding his knee osteoarthritis state cognizable Eighth Amendment claims. However, it is these defendants' alleged complete failure to treat plaintiff's allegedly serious medical need that states a cognizable Eighth Amendment claim. The amended complaint's allegation that plaintiff should have been promptly provided with an MRI, and the allegations that he should have been, or should be, provided with a wheelchair, housed in a unit with a wheelchair ramp, and housed in a facility with on-site podiatrists and orthopedists do not state a cognizable Eighth Amendment claim. As explained in the initial screening order, the failure to immediately refer plaintiff to a podiatrist or orthopedist, or to immediately order an MRI is a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment, and is insufficient as a matter of law to establish deliberate indifference in violation of the Eighth Amendment. *See Franklin*, 662 F.2d at 1344. The remaining claims are the same claims that were dismissed with prejudice in the November 26, 2019 screening order.

    Because the proposed amended complaint states a cognizable claim for relief under Section 1983, and because there is no evidence in the record of undue delay, bad faith or dilatory motive on the part of plaintiff, or of undue prejudice to defendants by virtue of allowance of the amendment, the Court GRANTS plaintiff leave to file the proposed amended complaint. The proposed amended complaint docketed at Dkt. No. 29 will be docketed as the amended complaint.

8

## V. Screening the Amended Complaint

### A. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Amended Complaint

Liberally construed, the amended complaint's allegations that (1) despite making several requests to defendant Risehoover from October 16, 2015 to October 22, 2016, plaintiff did not receive any treatment for the swelling in his right leg, and (2) despite submitting numerous sick call complaints from May 8, 2017 to November 26, 2018, plaintiff was not seen or treated by defendant Adams regarding his knee osteoarthritis state cognizable claims Eighth Amendment

9

claims against defendants Risenhoover and Adams in their individual capacities.

The remainder of the claims and defendants are DISMISSED with prejudice for the reasons set forth below.

The Court dismisses the Eighth Amendment claim against defendant RN Waddell because the factual allegations in the amended complaint contradict plaintiff's claim that defendant RN Waddell failed to take reasonable steps to address Plaintiff's medical needs. The amended complaint makes the following allegations regarding RN Waddell. First, on June 15, 2015, RN Waddell violated the Eighth Amendment when she failed to notify or consult a physician regarding plaintiff's foot infection. However, the amended complaint acknowledges that RN Waddell prescribed the following treatment for the infection. RN Waddell advised plaintiff to keep his toes dry; avoid creams, soap, or water; keep his left foot elevated; and use cool compresses on the top of his foot to ease the discomfort. Dkt. No. 29 at 3-4. The failure to immediately refer plaintiff to a physician to treat a potential skin infection is a difference of opinion between a prisoner-patient and medical authorities regarding treatment that is insufficient as a matter of law to establish deliberate indifference in violation of the Eighth Amendment. *See Franklin*, 662 F.2d at 1344. Second, on February 1, 2017, RN Waddell falsified medical documents when she stated that plaintiff had not recently submitted any medical complaints. Dkt. No. 29 at 5. This allegation does not state an Eighth Amendment claim. Plaintiff does not report seeking help from RN Waddell during that time, or that RN Waddell knew he had a serious medical need on the date and failed to take reasonable steps to address that need. According to the amended complaint, on and around that time period, plaintiff was requesting medical treatment from defendant Risenhoover. Dkt. No. 29 at 5. Plaintiff has previously been granted leave to amend his claim against RN Waddell, and has failed to correct the deficiency. Accordingly, defendant RN Waddell is DISMISSED from this action with prejudice.

The Court DISMISSES with prejudice defendant Pelican Bay State Prison because the Eleventh Amendment bars suits against a state and its agencies. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by

the Eleventh Amendment."); *Allison v. Cal. Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin State Prison not persons within meaning of Civil Rights Act).

The amended complaint's ADA claims are the same as the ADA claims alleged in the initial complaint. The Court has already dismissed these claims with prejudice *supra*.

The remaining claims, including the Eighth Amendment claims against defendants Risenhoover and Adams in their official capacities, and the remaining defendants were previously dismissed with prejudice in the Court's November 26, 2019 order. The Court has already dismissed with prejudice defendants the state of California, the CDCR, and the CCHCS because the Eleventh Amendment bars suits against a state and its agencies. *See* Dkt. No. 16 at 4 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). The Court has also already dismissed with prejudice the official capacity claims against the individual defendants because the Eleventh Amendment bars suits against state officials sued in their official capacities. *See* Dkt. No. 16 at 4 (citing *Kentucky v. Graham*, 473 U.S. 159, 169–70 (1985)). The Court has also already dismissed Warden Robertson and Secretary Diaz from this action with prejudice because there is no respondeat superior liability in a § 1983 action. Dkt. No. 16 at 7 (citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1.  The Court GRANTS defendants' motion to dismiss the ADA claim and DISMISSES the ADA claim with prejudice. Dkt. No. 24.

2.  The Court GRANTS plaintiff leave to file an amended complaint. Dkt. No. 29. The Clerk shall docket the proposed amended complaint at Dkt. No. 29.

3.  The amended complaint states a cognizable Eighth Amendment claim against defendants Risenhoover and Adams. Defendants the State of California, the California Department of Corrections and Rehabilitation ("CDCR"), Pelican Bay State Prison ("PBSP"), the

California Healthcare Correctional Services, CDCR Secretary Diaz, PBSP Warden Robertson and PBSP RN Waddell are DISMISSED from this action with prejudice.

4. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint with all attachments thereto (Dkt. No. 29), and a copy of this order upon defendants **doctors Sue Risenhoover and Nancy Adams** at Pelican Bay State Prison, 5905 Lake Earl Drive, Crescent City, CA 95531. A courtesy copy of the amended complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

5. In order to expedite the resolution of this case, the Court sets the following briefing schedule.

a. No later than 91 days from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion, or a motion to stay as indicated above. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

c. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No

hearing will be held on the motion.

This order terminates Dkt. Nos. 24, 29.

**IT IS SO ORDERED.**

Dated: 4/30/2020

*Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge