1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    TAIRAY TAQWAIN MORRIS,                      Case No.  19-cv-02620-HSG

8              Plaintiff,                        **ORDER VACATING JUDGMENT AND
                                                 DISMISSAL OF ADA CLAIM;**
9         v.                                     **REOPENING ACTION; GRANTING
                                                 LEAVE TO AMEND**
10   NANCY ADAMS, et al.,
                                                 Re: Dkt. No. 55
11             Defendants.

12

United States District Court
Northern District of California

13        Plaintiff, an inmate housed at Pelican Bay State Prison ("PBSP"), filed the instant *pro se*

14   civil rights action under 42 U.S.C. § 1983.  For the reasons set forth below, the Court VACATES

15   the May 26, 2021 judgment, Dkt. No. 46, and the Court's April 30, 2020 dismissal with prejudice

16   of Plaintiff's claims brought under the Americans with Disabilities Act ("ADA"), Dkt. No. 31 at

17   4-6, REOPENS this action, and GRANTS Plaintiff leave to amend his ADA claim.

18                                      **DISCUSSION**

19        On or about May 14, 2019, Plaintiff commenced the instant action by filing a complaint

20   against the following defendants, in both their individual and official capacities:  the state of

21   California, the Secretary of the California Department of Corrections and Rehabilitation

22   ("CDCR") Ralph Diaz, the CDCR, California Correctional Healthcare Services ("CCHCS"),

23   PBSP warden Jim Robertson, PBSP doctor Nancy Adam, PBSP doctor Sue Risenhoover, and

24   PBSP nurse Susan Waddell.  The Court found that the initial complaint's allegation that defendant

25   Warden Robertson in his official capacity, CDCR Secretary Diaz in his official capacity, the state

26   of California, the CDCR, and the CCHCS acted with deliberate indifference in refusing to provide

27   reasonable accommodations for Plaintiff as a disabled person stated a cognizable claim for

28   violation of Plaintiff's rights under the ADA.  The Court dismissed with leave to amend the Eighth

United States District Court
Northern District of California

1   Amendment claim against defendants Waddell, Risenhoover, and Adams, finding that the

2   complaint's factual allegations contradicted the claim that these defendants failed to take

3   reasonable steps to address Plaintiff's medical needs.  *See generally* Dkt. No. 16.[1]

4           On April 30, 2020, the Court granted Defendants' motion to dismiss the ADA claims with

5   prejudice, finding that Plaintiff's requests for a wheelchair, housing in a facility with a wheelchair

6   ramp, and housing in a prison with an on-site podiatrist and orthopedists were requests for medical

7   treatment and not requests for the prison's services, programs, or activities, as understood by the

8   ADA.  *See* Dkt. No. 31 at 4-6.  The Court granted Plaintiff leave to file the proposed amended

9   complaint that he had filed at Dkt. No. 29.  Dkt. No. 31 at 6-8.  The Court screened the amended

10   complaint and found that the following allegations stated cognizable Eighth Amendment claims:

11   (1) despite making several requests to defendant Risenhoover from October 16, 2015 to October

12   22, 2016, Plaintiff did not receive any treatment for the swelling in his right leg, and (2) despite

13   submitting numerous sick call complaints from May 8, 2017 to November 26, 2018, Plaintiff was

14   not seen or treated by defendant Adam regarding his knee osteoarthritis.  Dkt. No. 31 at 9-10.  The

15   Court dismissed with prejudice the remaining claims in the amended complaint.  In relevant part,

16   the Court dismissed the ADA claims with prejudice because they were the same claims that were

17   the subject of Defendants' motion to dismiss and had already been dismissed with prejudice.  Dkt.

18   No. 31 at 11.

19           On May 26, 2021, the Court granted summary judgment in favor of the remaining

20   defendants, nurse Risenhoover and doctor Adam, on the Eighth Amendment claims, and entered

21   judgment in favor of Defendants and against Plaintiff.  Dkt. Nos. 45, 46.

22           Plaintiff appealed.  Dkt. No. 47.

23           On July 22, 2022, the Ninth Circuit found that this Court erred in dismissing Plaintiff's

24   ADA claims with prejudice.  The Ninth Circuit affirmed the dismissal of Plaintiff's ADA claims.

25   

---

26   [1] The Court dismissed with prejudice Plaintiff's ADA claims against defendants Robertson and
Diaz in their individual capacities, and Plaintiff's request for punitive damages for the ADA
27   violations.  The Court also dismissed with prejudice Plaintiff's Eighth Amendment claims against
the state of California, the CDCR and the CCHCS; against Defendants Warden Robertson and
28   CDCR Secretary Diaz, and against the remaining individual defendants (Dr. Risenhoover, Dr.
Adams, and RN Waddell) in their official capacities.  *See generally* Dkt. No. 16.

United States District Court
Northern District of California

1    The Ninth Circuit found that this Court erred in construing Plaintiff's requests for a wheelchair

2    and housing with a wheelchair ramp as exclusively requests for medical treatment, but correctly

3    dismissed the ADA claims because the complaint failed to allege that Plaintiff was excluded from

4    participation in, or denied the benefits of a service, program or activity, because Plaintiff's

5    allegation that his inability to access PBSP's services, programs, or activities could be inferred

6    from his allegations that injuries to his right knee and left foot prevented him from walking did not

7    raise a right to relief above a speculative level.  However, the Ninth Circuit found that the

8    dismissal should not have been with prejudice because Plaintiff could cure the deficiencies in his

9    ADA claims if he could specify the services, programs, or activities from which he was excluded

10   and how his disabilities were the clause of his exclusion.  *See generally* Dkt. No. 55.

11          The Ninth Circuit reversed and remanded for further proceedings.  *See generally* Dkt. No.

12   55.

13          Pursuant to the Ninth Circuit's July 22, 2022 memorandum opinion, the Court orders as

14   follows.  The Court VACATES the May 26, 2021 judgment, Dkt. No. 46, and VACATES the

15   portion of the Court's April 30, 2020 Order dismissing Plaintiff's ADA claims with prejudice,

16   Dkt. No. 31 at 4-6.  The Clerk is directed to REOPEN this action.  The Court GRANTS Plaintiff

17   leave to amend his ADA claim.  Within twenty-eight days of the date of this order, Plaintiff shall

18   file a second amended complaint addressing the deficiencies in his ADA claims.  The second

19   amended complaint must include the caption and civil case number used in this order, Case No. C

20   19-2620 HSG (PR) and the words "SECOND AMENDED COMPLAINT" on the first page.  If

21   using the court form complaint, Plaintiff must answer all the questions on the form in order for the

22   action to proceed.  Because an amended complaint completely replaces the previous complaints,

23   Plaintiff must include in his second amended complaint all the claims he wishes to present and all

24   of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

25   Plaintiff may not incorporate material from the prior complaints by reference.  Plaintiff may not

26   change the nature of this suit by alleging new, unrelated claims in the second amended complaint.

27   Plaintiff also may not raise again the Eighth Amendment claims against defendants Risenhoover

28   and Adams that the Court has already granted summary judgment on.  Failure to file a second

3

1    amended complaint in accordance with this order in the time provided will result in dismissal of

2    this action without further notice to Plaintiff for failure to prosecute and/or failure to comply with

3    a court order.  The Clerk shall include two copies of a blank complaint form with a copy of this

4    order to Plaintiff.

5                                                   **CONCLUSION**

6              For the foregoing reasons, the Court orders as follows.

7              1.          The Court VACATES the May 26, 2021 judgment, Dkt. No. 46, and VACATES

8    the portion of the Court's April 30, 2020 Order dismissing Plaintiff's ADA claims with prejudice,

9    Dkt. No. 31 at 4-6.

10             2.          The Clerk is directed to REOPEN this action.

11             3.          The Court GRANTS Plaintiff leave to amend his ADA claim.  Within twenty-eight

12   days of the date of this order, Plaintiff shall file a second amended complaint addressing the

13   deficiencies in his ADA claims.  The second amended complaint must include the caption and

14   civil case number used in this order, Case No. C 19-2620 HSG (PR) and the words "SECOND

15   AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must

16   answer all the questions on the form in order for the action to proceed.  Because an amended

17   complaint completely replaces the previous complaints, Plaintiff must include in his second

18   amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.

19   *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate

20   material from the prior complaints by reference.  Plaintiff may not change the nature of this suit by

21   alleging new, unrelated claims in the second amended complaint.  Plaintiff also may not raise

22   again the Eighth Amendment claims against defendants Risenhoover and Adams that the Court

23   has already granted summary judgment on.

24   //

25   //

26   //

27   //

28   //

4

United States District Court
Northern District of California

1    Failure to file a second amended complaint in accordance with this order in the time

2  provided will result in dismissal of this action without further notice to Plaintiff for failure to

3  prosecute and/or failure to comply with a court order.  The Clerk shall include two copies of a

4  blank complaint form with a copy of this order to Plaintiff.

5    **IT IS SO ORDERED.**

6  Dated:   8/29/2022

7

8  HAYWOOD S. GILLIAM, JR.
   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California