UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIRAY TAQWAIN MORRIS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY ADAMS, et al.,<br><br>Defendants. | Case No. 19-cv-02620-HSG<br><br>**ORDER *SUA SPONTE* GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT** |

On August 29, 2022, the Court vacated the May 26, 2021 judgment, Dkt. No. 46, and the Court's April 30, 2020 dismissal with prejudice of Plaintiff's claims brought under the Americans with Disabilities Act ("ADA"), Dkt. No. 31 at 4-6, and reopened this action. Dkt. No. 57. The Court granted Plaintiff leave to amend his ADA claim and ordered him to file a second amended complaint addressing the deficiencies in his ADA claim by September 26, 2022. Dkt. No. 57 at 4.

On September 12, 2022, the Court's August 29, 2022 Order (Dkt. No. 57) was returned to the Court as undeliverable. Dkt. No. 58. It appears that Plaintiff is no longer housed at San Quentin State Prison, which is listed as his address of record. *Id.* According to the California Department of Corrections and Rehabilitation inmate locator, Plaintiff is now housed at Calipatria State Prison.

The Court therefore orders as follows.

1.  The Court *sua sponte* GRANTS Plaintiff an extension of time to file his second amended complaint in accordance with the Court's August 29, 2022 Order. By **October 31, 2022**, Plaintiff shall file a second amended complaint addressing the deficiencies in his ADA claim. Plaintiff is reminded that because an amended complaint completely replaces the previous complaints, Plaintiff must include in his second amended complaint all the claims he wishes to

present and all of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior complaints by reference.  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the second amended complaint.  Plaintiff also may not raise again the Eighth Amendment claims against defendants Risenhoover and Adams that the Court has already granted summary judgment on.

Failure to file a second amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff for failure to prosecute and/or failure to comply with a court order.  The Clerk shall include two copies of a blank complaint form with a copy of this order to Plaintiff.

2.  Plaintiff is reminded that *pro se* parties whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address.  N.D. Cal. L.R. 3-11(a).  Plaintiff should promptly file a Notice of Change of Address informing the Court and opposing parties of his new address of record.  Plaintiff is cautioned that the Court may dismiss an action when mail delivered to the *pro se* party by the Court has been returned to the Court as not deliverable and the Court fails to receive within 60 days of this return a written communication from the *pro se* party indicating a current address.  N.D. Cal. L.R. 3-11(a).  Here, the Court was informed on September 12, 2022, that mail delivered to Plaintiff was undeliverable.  The Court may dismiss this action if Plaintiff does not file a written communication with this Court by November 11, 2022.

3.  The Clerk is directed to send a courtesy copy of this order and of Dkt. No. 57 to Plaintiff at the following address:  Tairay Taqwain Morris, ID: J62077, Calipatria State Prison, P.O. Box 5002, Calipatria, CA 92233-5002.

**IT IS SO ORDERED.**

Dated:  October 7, 2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge