UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TAIRAY TAQWAIN MORRIS,

Plaintiff,

v.

NANCY ADAMS, et al.,

Defendants.

Case No. 19-cv-02620-HSG

**ORDER OF DISMISSAL**

Plaintiff has filed the instant *pro se* action, alleging violations of the Americans with Disabilities Act ("ADA"). For the reasons set forth below, the Court DISMISSES this action without prejudice for failure to file a second amended complaint.

**BACKGROUND**

On August 29, 2022, the Court granted Plaintiff leave to amend his ADA claim and ordered him to file a second amended complaint addressing the deficiencies in his ADA claim by September 26, 2022. Dkt. No. 57 at 4.

On September 12, 2022, the Court's August 29, 2022 Order (Dkt. No. 57) was returned to the Court as undeliverable. Using the California Department of Corrections and Rehabilitation ("CDCR")'s inmate locator, the Court determined that Plaintiff's address of record listing him at San Quentin State Prison was incorrect, and that Plaintiff was housed at Calipatria State Prison at that time. On October 7, 2022, the Court *sua sponte* granted Plaintiff an extension of time to October 31, 2022 to file his second amended complaint, and sent this order to Plaintiff at both his address of record and to Calipatria State Prison. Dkt. No. 59.

On or about October 27, 2022, Plaintiff requested a second extension of time to November 30, 2022 to file his second amended complaint, Dkt. No. 61, which the Court granted on

November 7, 2022. Dkt. No. 62. The November 7, 2022 Order was sent to Plaintiff's address of record at San Quentin State Prison.[1] On November 28, 2022, the November 7, 2022 Order (Dkt. No. 62) was returned to the Court as undeliverable. Dkt. No. 63. As a courtesy, on December 1, 2022, the Court sent a copy of the November 7, 2022 Order to Plaintiff at Calipatria State Prison.

On December 27, 2022, the Court granted Plaintiff a final extension of time to January 27, 2023, to file his second amended complaint. Dkt. No. 66. On January 11, 2023, this order was returned to the court as undeliverable because Plaintiff's CDCR number was not listed on the envelope. Dkt. No. 67. The Court resent Plaintiff a copy of the December 27, 2022 Order on January 12, 2023. The January 12, 2023 mailing was not returned to the Court as undeliverable.

## DISCUSSION

The deadline to file a second amended complaint has passed and Plaintiff has not filed a second amended complaint. Five months have passed since the initial deadline for filing the second amended complaint and Plaintiff has not communicated with the Court since November 1, 2022. Accordingly, this action is DISMISSED without prejudice for failure to file a second amended complaint. Any motion to reopen this action must be accompanied by a showing of good cause for failing to timely file a second amended complaint.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED without prejudice for failure to file a second amended complaint. The Clerk shall enter judgment in favor of Defendants and against Plaintiff, and close the case.

**IT IS SO ORDERED.**

Dated: 2/23/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] The Court sends orders only to the address of record. It is not the Court's responsibility to determine whether a litigant has changed his or her mailing address. The Court need not, and will not, check the CDCR Inmate Locator or the return address on prior filings before an order is sent to a *pro se* prisoner litigant.